## NAU v. JACKMAN.

1. **Equity:** TENDER OF DEED: STATUTE OF FRAUDS. The vendor may maintain an action for the recovery of the purchase price of real property, where he held a mere equity and not the legal title, without making tender of a deed; and where such sale was by parol a cash payment thereon will take the case out of the statute of frauds.

*Appeal from Henry District Court.*

MONDAY, APRIL 24.

THIS is an action in equity in the nature of a petition for the specific performance of the sale of an equity in certain real estate by the plaintiff to the defendant. There was a judgment for the plaintiff and a decree establishing the same as a lien upon the premises sold. Defendant appeals.

*L. G. & L. A. Palmer*, and *Wright & Wright*, for appellant.

*H. & R. Ambler*, for appellee.

ROTHROCK, J.—I.   If the petition in this case is correctly abstracted, it is one of the rarest specimens of composition.

**1. EQUITY: tender of deed: statute of fraud.**   For want of precision, and for indirectness and obscurity of expression, it excels any pleading to which our attention has ever been called.   The same may be said of the whole abstract.

The appellee claims that the record is incomplete, because it does not purport to contain all the evidence offered and introduced on the trial.   As we understand, it does purport to be complete, and we will so regard it.

It is urged that plaintiff demands no relief in his petition. In one sense this is correct.   The relief is merely an inference from certain allegations made in the petition.   But this court is not the forum in which to settle pleadings, and the case being in equity and triable anew, we will proceed to its consideration on the merits.   As nearly as we can ascertain from the record, the plaintiff purchased of the defendant an undivided half of certain real estate upon which there was a grist mill and ferry privilege on the Skunk river.   The defendant was the owner of all said real estate and the purchase of the undivided half was made by title bond in February, 1873. The consideration for the purchase was $9,600.   A payment of $3,000 was to be made in cash and the balance in deferred payments.   The parties occupied the property, and operated the mill jointly until about February 1, 1875, when the plaintiff quit the possession, and the property since that time has been in the exclusive possession of the defendant.   The plaintiff claims that he made a binding oral contract with the defendant, by which the defendant bought back the undivided half of the property and agreed that he would repay the plaintiff all of the purchase-money he had paid, with " eight per cent " interest, and it is sought by this action to

enforce this agreement and make the consideration a lien upon the property. The defendant by his answer denies that such agreement was made.

The evidence as to the terms of the agreement is very conflicting. A careful examination of it leads us to the conclusion that the following facts are established: 1st. The verbal contract was made, as claimed by the plaintiff; 2d. The sum of $500 in cash was paid by the defendant to the plaintiff upon the contract, and not merely upon a conditional contract, as claimed by the defendant; 3d. The plaintiff quit the possession and control of the property, by virtue of said agreement; 4th. The unpaid notes were surrendered by the defendant to the plaintiff. It is not to be expected that we will set out the testimony of the witnesses. It is objected that the plaintiff is in no position to demand a recovery of the purchase price, because he has made no tender of a deed. This was not necessary, simply, because he did not hold the legal title. He held a mere equity, and the legal title was in the defendant. Compliance with this decree, by payment of the amount thereof would be a complete extinguishment of plaintiff's equity. It is claimed that there is no such clear and satisfactory proof of the verbal contract, and the payment of $500 of the purchase-money, as will take the case out of the statute of frauds. We think differently. The fact that $500 was paid on some sort of an arrangement for a re-purchase is not denied. That it was upon a valid and binding agreement, and so understood by the parties, is pretty clearly shown.

II. It is claimed that the amount found by the court to be due under the contract is excessive. The court appears to have taken the testimony of the plaintiff that the amount due him was $3,186.48. As we figure it from a statement made in the presence of the parties, and we think, assented to by both of them, the amount is $3,158.48.

The decree will be modified accordingly, and the amount will be $3,158.48, with interest at six per cent per annum, from February 1, 1875.

MODIFIED AND AFFIRMED.